UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| WENDELL G. JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 05-2013 (RBW) |
| ) | |
| BOWNE & COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS, OR, IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56, Defendant Bowne & Co., Inc. ("Bowne & Co.") [1] respectfully moves the Court to dismiss the above-captioned Complaint in its entirety, with prejudice.

**I.    INTRODUCTION**

In his two-count Complaint, Plaintiff, Wendell G. Jackson ("Mr. Jackson") seeks recovery against Bowne & Co. for alleged acts of employment discrimination. Count I purports to assert a cause of action under the Americans with Disabilities Act of 1990, 42 U.S.C. §12112. Count II seeks recovery for alleged unlawful termination under the Age Discrimination Act of 1967, 29 U.S.C. §623. Mr. Jackson's Complaint fails for one simple, albeit critical reason. Contrary to the allegation contained in paragraph 3 of the Complaint, Mr. Jackson *never* performed services for Bowne & Co. Compl. at ¶3. In

---

[1]   The Complaint incorrectly denominates the Defendant's corporate name as Bowne & Company, Inc. The correct name is Bowne & Co., Inc. *See* Declaration of Scott L. Spitzer, Ex. A, at ¶1; Declaration of Jennifer Partridge, Ex. B at ¶4.

fact, he was never even *employed* by Bowne & Co.  Rather, at one time, Mr. Jackson was employed by Bowne & Co.'s former wholly-owned subsidiary, Bowne Business Solutions, Inc. ("BBS"), which, during the term of Mr. Jackson's employment with BBS, was sold to Williams Lea Holdings Inc., and subsequently changed its name to Williams Lea Inc. ("Williams Lea").  Thus, to the extent Mr. Jackson has any viable employment discrimination claim arising out of his prior employment by BBS and subsequently by Williams Lea, such claim is properly brought against Williams Lea, not Bowne & Co.  Bowne & Co. is, and has always been, an entirely separate and distinct corporate entity from any of Mr. Jackson's employers.  Accordingly, there is no set of facts which entitle Mr. Jackson to the relief he seeks against Bowne & Co. and the Complaint should be dismissed in its entirety, with prejudice.  In the alternative, because Mr. Jackson was never employed by Bowne & Co., there is no genuine issue of material fact in dispute and Bowne & Co. is entitled to judgment as a matter of law.

## II.   FACTUAL BACKGROUND OF THE DISPUTE

Bowne & Co. is engaged in the business of providing financial printing, digital printing and electronic delivery of personalized communications.  From July 6, 1998 until approximately November 9, 2004, BBS was a wholly-owned subsidiary of Bowne & Co.  *See* Declaration of Scott L. Spitzer at ¶4, Ex. A.  Throughout its status as a subsidiary of Bowne & Co., BBS was at all times a separate and distinct corporate entity.  *See id.*  On or about November 9, 2004 Williams Lea Holdings Inc. acquired all of the stock of BBS from Bowne & Co., and, accordingly all BBS employees became Williams Lea employees at that time.  *See* Ex. A at ¶6; Declaration of Jennifer Partridge, Ex. B at ¶¶4, 6.  Williams Lea continued to operate this newly acquired entity under the BBS name

until on or about April 18, 2005, when Williams Lea changed the name from BBS to Williams Lea.  *See* Ex. B at ¶5.

In his Complaint, Mr. Jackson purports to bring employment discrimination claims against Bowne & Co. arising out of office services he allegedly "performed for Bowne & Co." (Compl. at ¶3) as a part-time, and later full-time, employee from March, 2000 through April 6, 2005.  *See* Compl. at ¶¶3, 17.  As set forth in the attached declarations from representatives of both Bowne & Co. and Williams Lea, Mr. Jackson has *never* been employed by Bowne & Co.  *See* Ex. A at ¶5; Ex. B. at ¶6.  Rather, Mr. Jackson previously was employed by BBS and, subsequently, by Williams Lea.  *See* Ex. A at ¶5; Ex. B. at ¶¶ 4,6.

In fact, on May 16, 2005, Mr. Jackson expressly acknowledged that he was a former BBS employee when he filed a charge of discrimination against BBS with the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging the same type of discrimination he complains of in the instant case.  Notably, he made no reference to Bowne & Co. in that administrative filing.  *See* Ex. B. at ¶7; Charge of Discrimination, attached to Declaration of Jennifer Partridge (Ex. B.) as Attachment 1.  Accordingly, there is no set of facts that can support Mr. Jackson's claim for relief against Bowne & Co.  In the alternative, because the undisputed material facts demonstrate that Mr. Jackson was never employed by Bowne & Co., it is entitled to judgment as a matter of law.  In either case, the Complaint against Bowne & Co. must be dismissed in its entirety, with prejudice.

3

### III.   ARGUMENT

#### A.   The Legal Standard Under Fed. R. Civ. P. 12(b)(6).

Under familiar principles, a motion to dismiss under Rule 12(b)(6) should be granted when it is clear that the plaintiff can prove no set of facts which entitle him to the relief he seeks. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *accord Martin v. Ezeagu*, 816 F. Supp. 20, 23 (D.D.C. 1993). In adjudicating a motion to dismiss, courts are bound to construe the complaint in the light most favorable to the plaintiff and must accept as true the well-pleaded factual allegation of the complaint. *See, e.g., Egilman v. Keller & Heckman*, ___F. Supp. 2d ___, 2005 WL 3077260 *2 (D.D.C. November 10, 2005); *see also In re United Mine Workers Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994). However, a reviewing court is not required to accord a complaint "blind absolute deference" or to accept as true legal conclusions or inferences drawn by it that are not supported by the facts of the complaint. *See Doe I v. State of Israel*, ---F. Supp.2d ---, 2005 WL 3037142 *5 (D.D.C. November 10, 2005) (citing *Kowal v. MCI Comm. Corp.* 16 F.3d 1271, 1276 (D.C. Cir. 1989)). Moreover, while a court's evaluation of a complaint is ordinarily limited to a review of the pleading and any document attached or incorporated by reference to the pleading, courts properly may take judicial notice of matters in the public record, including records of administrative bodies and records of prior litigation. *See, e.g., Egilman*, ___ F. Supp.2d ___, 2005 WL 3077260 at *2; *see also Does I Through III v. District of Columbia*, 238 F. Supp.2d 212, 216 (D.D.C.2002) ("[I]t is well established that courts are allowed to take judicial notice of matters in the general public record, including records and reports of administrative bodies and records of prior litigation"). Thus, in adjudicating the instant motion, this

Court properly may review Mr. Jackson's EEOC charge of discrimination, which was filed against BBS on May 16, 2005.

### B. The Complaint Does Not Contain Well-Pleaded Allegations Concerning The Identity Of Mr. Jackson's Employer.

While Mr. Jackson's Complaint makes repeated references to "Defendants," the Complaint names only one defendant, Bowne & Co. The Complaint's repeated allegations of wrong-doing by the "Defendants" is at best, confusing, and at worst, misleading. *See*, *e.g.*, Compl. at ¶ 4(alleging harassment by "defendants"); Compl. at ¶4(c) (alleging verbal abuse by "defendants"); Compl. at ¶5 (alleging "defendants" fired him). Mr. Jackson's allegation that he "performed office services for Bowne & Co.," (Compl. at ¶3) does little to remedy the vagueness of his pleading regarding the entity or entities from whom he seeks relief. There can be no confusion as to the identity of Mr. Jackson's actual employer. At all times relevant to this dispute, Mr. Jackson was either a BBS or Williams Lea employee and not a Bowne & Co. employee. *See* Ex. A at ¶[5]; Ex. B. at ¶¶4,6. [2] In short, (Compl. at ¶ 3) Mr. Jackson's claim that he performed services for Bowne & Co. appears to be no more than a factually unsupported inference drawn by Mr. Jackson and cannot be credited in adjudicating this motion.

---

[2] Even assuming, *arguendo*, that the Court were to find that Mr. Jackson was a Bowne & Co. employee, Bowne and Co. is nonetheless entitled to dismissal or summary judgment in its favor since Mr. Jackson has failed to exhaust administrative remedies against Bowne & Co. *See*, *e.g.*, *Ajuluchuku v. Accountemps of Robert Half Int'l*, Slip Copy, 2005 WL 3201110 *1 (D.D.C. November 21, 2005) (holding that ADA claims require aggrieved claimants to exhaust administrative remedies and that failure to do so deprives court of subject matter jurisdiction and supports dismissal and/or summary judgment); *see also Jones v. Greenspan*, ___ F. Supp.2d ___, 2005 WL 3370438 (D.D.C. December 13, 2005) (dismissing ADEA claim for failure to exhaust administrative remedies); *see also Rann v. Chao*, 346 F.3d 192, 194-195 (D.C. Cir. 2003) (affirming trial court's dismissal of ADEA claim for failure to exhaust administrative remedies).

      C.    **The EEOC Records Establish That Mr. Jackson Was Never Employed By Bowne & Co.**

As mentioned above, on May 16, 2005, Mr. Jackson filed a Charge of Discrimination with the EEOC (the "EEOC Charge") alleging virtually the identical set of facts at issue in the instant case. *See* Ex. B., Attachment 1. In the EEOC Charge, he states that he was formerly employed by BBS, yet he makes no mention of Bowne & Co. *See id*. The Court can and should take judicial notice of Mr. Jackson's EEOC Charge, which unequivocally establishes that he was employed by BBS and not Bowne & Co. and supports dismissal of this Complaint against Bowne & Co. it its entirety, with prejudice. *See Egilman*, 2005 WL 3077260 at *2; *see also Does I Through III*, 238 F. Supp.2d at 216.

      D.    **In the Alternative, The Court Should Grant Summary Judgment In Bowne & Co.'s Favor.**

A party is entitled to summary judgment if the pleadings, record documents and affidavits demonstrate that there is no genuine issue of material fact in dispute, such that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994). The Defendant, as the moving party, bears the "initial responsibility of informing the district court of the basis for [its] motion, and identifying those portions of the pleadings . . . together with the affidavits which [it] believe[s] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Plaintiff, in response to Defendant's motion, must "go beyond the pleadings and by [his] own affidavits, or depositions, answers to interrogatories, and admissions on file, 'designate' specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324 (internal citations omitted).

Although a court should draw all inferences from the supporting records submitted by the nonmoving party, the mere existence of a factual dispute, by itself, is not sufficient to bar summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To be material, the factual assertion must bear on the substantive outcome of the litigation. *See Laningham v. U.S. Navy*, 813 F.2d 1236, 1242-43 (D.C.Cir.1987); *Liberty Lobby*, 477 U.S. at 251 (the court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law"). Likewise, a genuine issue must be supported by sufficient admissible evidence that a reasonable trier-of-fact could find for the nonmoving party. *See id.* "If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249-50 (internal citations omitted). "Mere allegations or denials in the adverse party's pleadings are insufficient to defeat an otherwise proper motion for summary judgment." *Williams v. Callaghan*, 938 F. Supp. 46, 49 (D.D.C.1996). The adverse party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986), and must instead put forth "specific facts showing that there is a *genuine issue for trial*." *Id*. at 587, 475 U.S. 574, 538 (citing Fed. R. Civ. P. 56 (emphasis in original).

In the instant case, the Declarations of Scott L. Spitzer and Jennifer Partridge, together with Mr. Jackson's own EEOC Charge, conclusively establish that Mr. Jackson was never employed by Bowne & Co. Hence, there is no genuine issue of material fact that would allow his employment discrimination case to go forward against Bowne & Co. Bowne & Co. accordingly is entitled to judgment as a matter of law.

## IV.     CONCLUSION

For the foregoing reasons, Mr. Jackson can plead no set of facts which would entitle him to recover relief against Bowne & Co. for his alleged employment discrimination claims. Bowne & Co. therefore respectfully requests that the Court dismiss his Complaint in its entirety, with prejudice. Alternatively, Bowne & Co. is entitled to judgment as a matter of law and respectfully asks that the Court grant summary judgment in its favor.

Dated: December 15, 2005          Respectfully submitted,

**SONNENSCHEIN NATH & ROSENTHAL LLP**

By:  _____/s/_____
Amy L. Bess, DC Bar No. 418985
Elizabeth S. Finberg, DC Bar No. 468555
1301 K Street, N.W.
Suite 600, East Tower
Washington, D.C. 20005
Telephone:     202-408-6400
Facsimile:     202-408-6399
*Counsel for Defendant Bowne & Co., Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2005, a copy of the foregoing Defendant's Memorandum Of Law In Support Of Its Motion To Dismiss, Or, In The Alternative, For Summary Judgment together with a proposed Order, were filed with the Court via the Court's Electronic Case Filing System and served via United States Mail, first class postage prepaid, upon the following:

>Wendell G. Jackson
>415 Edgewood Street, NE
>Apartment 11
>Washington, DC  20017-3305
>Telephone:    202-529-6017
>*Plaintiff, Pro Se*

_____/s/_____
ELIZABETH S. FINBERG