UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WENDELL G. JACKSON            )
        Plaintiff,              )
        v.                      )     Case No. 05-2013 (RBW)
BOWNE & COMPANY, INC.         )
        Defendant.              )

## PLAINTIFF'S ANSWER TO DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF IT'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGEMENT

Plaintiff hereby respectfully moves the Court to grant judgement in his favor.

### I  INTRODUCTION

Plaintiff seeks recovery against Bowne & Company, Inc. for alleged acts of employment discrimination. Count I purports to assert a cause of action under the Americans with Disabilities Act of 1990, 42 U.S.C. $12112. Count II seeks recovery for alleged unlawful termination under the Age Discrimination Act of 1967, 29 U.S.C. $623.

Plaintiff was led by Bowne company documents to believe that he was employed by Bowne & Company, Inc. In the alternative, there exists a genuine set of factual documents which entitles Plaintiff Jackson to relief where Bownes' Harrassment Policy for BBS employees is clearly titled "Bowne & Co.", not "BBS", which in itself, entitles plaintiff Jackson to judgement. See Ex. B.

### II  FACTUAL BACKGROUND OF THE DISPUTE

Plaintiff Jackson states that he was never allowed to participate in the internal business deals, transactions, acquisitions or any other bids or company takeover matters. Mr. Jackson readily admits that the very fact that he named BBS in his initial complaint with EEOC only displays his ignorance of the law where he was misled by Bowne company documents which listed him as a Bowne & Company employee. See Ex. C.

RECEIVED

JAN 13 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### III   IN THE ALTERNATIVE, THE COURT SHOULD GRANT SUMMARY JUDGEMENT TO PLAINTIFF JACKSON

Plaintiff Jackson is entitled to summar judgement in his favor where he has produced company documents that clearly demonstrate that there is a genuine issue of material fact that he was not only an employee of Bowne & Company but was treated as such. See Ex. A.

### IV   CONCLUSION

In the alternative, plaintiff respectfully moves the Court to enter judgement in his favor, albeit his ignorance of the Bowne company structure.

As set forth more fully in the accompanying Defendant's Memorandum Of Law In Support Of It's Motion To Dismiss, Or, In the Alternative, For Summary Judgement and Supporting Declarations, Plaintiff was led by Bowne company documents to believe that he was employed by Bowne & Company, Inc. In the alternative, there exists a genuine set of factual documents which entitles Mr. Jackson to relief where Bownes' Harrassment Policy for BBS employees is clearly titled "Bowne & Company", not "BBS", which in itself, entitles plaintiff Jackson to judgement as a matter of fact.

Respectfully submitted,

*Wendell G. Jackson*/pro se
415 Edgewood St., NE #11
Washington, DC 20017
Telephone: 202-529-6017
Facsimile:  202-529-6017
Cellular:    202-213-9520

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2006, a copy of the foregoing Plaintiff's Answer To Defendant's Memorandum of Law In Support of its Motion To Dismiss, Or, In the Alternative, For Summary Judgement and Supporting Declarations was mailed via First Class United States, postage prepaid, on the Counsel for Defendant for Bowne & Company, Incorporated:

    SONNENSCHEIN NATH & ROSENTHAL LLP
    Amy L. Bess, USDC-DC Bar No. 418985
    Elizabeth S. Finberg, USDC-DC Bar No 468555
    1301 K Street, NW
    Suite 600, East Tower
    Washington, DC 20005
    Telephone:  202-408-6400
    Facsimile:   202=408-6399

                                                Respectfully submitted,

                                                *[signature]*
                                                Wendell G. Jackson/pro se
                                                415 Edgewood St., NE #11
                                                Washington, DC 20017
                                                Telephone: 202-529-6017
                                                Facsimile: 202-529-6017
                                                Cellular:   202-213-9520

# EXHIBITS

# Background

## History of Bowne & Co.

Bowne was founded in 1775 by Robert Bowne. What began as a stationery supply store has evolved into the world's largest financial printer and the leading provider of electronic filing services. Bowne operates twenty-four hours a day, seven days a week in over 56 offices worldwide. As a leader in servicing the financial and legal markets, Bowne is leveraging its expertise in information management by offering a broad range of out-sourcing services designed to meet our clients' changing needs.

Bowne Business Solutions was established in 1996 as part of Bowne's expansion outside of the traditional financial printing market. The outsourcing division of Bowne was formed to provide full-service information management services to law firms, corporations, accounting firms, and investment banks. Bowne Business Solutions is unique in its ability to control the entire life cycle of the information within an organization from creation to dissemination. Bowne Business Solutions offers a full range of services utilizing their own resources as well as converging technologies from Bowne network offices and divisions. Some of our information management services include word processing, desktop publishing, multimedia presentations, CD-ROM production, electronic distribution, litigation support, localization, and translation, print-on-demand, facsimile/reprographics, mailroom and facilities management.

Bowne has built a world-class reputation for speed, accuracy, and confidentiality within the financial printing industry and is continuing this tradition in its expansion of services to the financial and legal community.

For more information on the history of Bowne, please see our marketing brochure, entitled "Robert Bowne & his Company, The Evolution of a Seaport Printer".

# BOWNE & CO., INC.
# NON-HARASSMENT POLICY

Bowne & Co., Inc. ("Bowne") recognizes the importance of maintaining an environment free of any form of workplace harassment. Consistent with this objective, a corporate Non-Harassment Policy has been established. It is against company policy for any employee, client, associate or vendor to harass any Bowne employee or non-Bowne employee on any basis including sex, race, religion, national origins, age, disability or sexual orientation. Bowne will not tolerate harassment because it is personally offensive, fails to respect the rights of others, and interferes with the work performance. All employees, contractors, managers and non-managers alike, must comply with this policy and take appropriate measures to ensure that such conduct does not occur.

A specific type of harassment prohibited by law and company policy is sexual harassment. Sexual harassment is defined as unwelcomed sexual advance, requests for sexual favors, and other verbal or physical conduct of a sexual nature when:

- Submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment; or

- Submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual; or

- Such conduct has purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile or offensive work environment; or

Harassment may take different forms, including, but not limited to:

- Verbal: innuendoes, suggestive comments; jokes of a sexual, ethnic, racist, religious, etc. nature; sexual propositions, advances, or threats; subtle or overt pressure for sexual favors; inappropriate comments about an individual's body, dress or personal inquires into their private lives.

- Non-verbal: Objects or pictures, E-mail, sounds, gestures, and downloading or accessing certain web sites.

- Physical: Unwanted contact, including touching, pinching, brushing the body, or pushing.

Any manager who receives a complaint of harassment or inappropriate behavior on the part or from any employee, vendor or contractor concerning a Bowne & Co. employee or who has reason to suspect harassment may be occurring should notify their Human Resource Manager immediately.

In addition, Bowne encourages any employee who believes he or she may be harassed, to advise the offender promptly that his or her behavior is unwelcome and request that it be discontinued. Bowne recognizes, however, that it is <u>not</u> necessary for an employee



EXHIBIT B

# Employees' Expectations of the Company

## Non-Harassment Policy

Bowne & Co., Inc. ("Bowne") recognizes the importance of maintaining an environment free of any form of workplace harassment. Consistent with this objective, a corporate Non-Harassment Policy has been established. It is against Company policy for any employee, client, associate or vendor to harass any Bowne employee or non-Bowne employee on any basis including sex, race, color, religion, national origin, age, disability or sexual orientation. Bowne will not tolerate harassment because it is personally offensive, fails to respect the rights of others, and interferes with work performance. All employees, contractors, managers and non-managers, must comply with this policy and take appropriate measures to ensure that such conduct does not occur.

A specific type of harassment prohibited by law and Company policy is sexual harassment. Sexual harassment is defined as unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature when:

- Submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment; or
- Submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual; or
- Such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile or offensive work environment; or

Harassment may take different forms, including, but not limited to:
- **Verbal:** innuendoes; suggestive comments; jokes of a sexual, ethnic, racist, religious, etc. nature; sexual propositions, advances, or threats; subtle or overt pressure for sexual favors; inappropriate comments about an individual's body or dress or personal inquiries into their private lives.
- **Non-verbal:** Objects or pictures, E-mail, sounds, gestures, and downloading or accessing certain web sites.
- **Physical:** Unwanted contact, including touching, pinching, brushing the body, or pushing.

Any manager who receives a complaint of harassment or inappropriate behavior on the part of or from any employee, vendor or contractor concerning a Bowne & Co. employee or who has reason to suspect harassment may be occurring should notify their Human Resources Manager immediately.

In addition, Bowne encourages any employee who believes he or she may be harassed, to advise the offender promptly that his or her behavior is unwelcome and request that it be discontinued. Bowne recognizes, however, that is not necessary for an employee to talk directly to an offender. Moreover, in all instances the individual should report such offending behavior immediately to his or her supervisor, the Human Resources Manager or the Company President. Further, any employee who believes he or she has witnessed harassment should immediately report the matter to the Human Resources Manager. No retaliatory measures will be taken against an employee who complains of harassment. Under no circumstances need the employee report the harassment to a supervisor who he/she is accusing of harassment. Bowne will, to the maximum extent feasible, maintain the confidentiality of such complaints on a need-to-