UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WENDELL G. JACKSON, ) ) Plaintiff, ) v. ) BOWNE & COMPANY, INC., ) ) Defendant. ) | Case No. 05-2013 (RBW) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS, OR, IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT**

Pursuant to LCvR 7(d), Defendant Bowne & Co., Inc. ("Bowne & Co.") [1] respectfully files this Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, Or, In the Alternative, for Summary Judgment. In support thereof, Bowne & Co. states as follows:

**I.   INTRODUCTION**

As set forth more fully in Bowne & Co.'s Memorandum of Points and Authorities in Support of Its Motion to Dismiss, Or, In the Alternative, for Summary Judgment (Def.'s Mem. in Support"), which was filed in this Court on December 15, 2005, Plaintiff's Complaint against Bowne & Co. for alleged acts of employment discrimination must be dismissed for one simple reason: the Plaintiff was never employed by Bowne & Co. Rather, at one time, Mr. Jackson was employed by Bowne & Co.'s former wholly-owned subsidiary, Bowne Business Solutions, Inc. ("BBS"), which, during the term of Mr. Jackson's employment with BBS, was sold to Williams Lea Holdings Inc., and subsequently changed its name to Williams Lea Inc. ("Williams Lea").

---

[1]   The Complaint incorrectly denominates the Defendant's corporate name as Bowne & Company, Inc. The correct name is Bowne & Co., Inc.

Therefore, to the extent Mr. Jackson has any viable employment discrimination claim arising out of his prior employment by BBS and subsequently by Williams Lea, such claim can only be properly brought against Williams Lea, not against Bowne & Co.  Accordingly, there is no set of facts which entitle Mr. Jackson to the relief he seeks against Bowne & Co., and the Complaint should be dismissed in its entirety, with prejudice.  In the alternative, because it is uncontroverted that Mr. Jackson was never employed by Bowne & Co., there is no genuine issue of material fact in dispute and Bowne & Co. is entitled to judgment as a matter of law.

## II.   ARGUMENT

A.   Mr. Jackson Has Failed to Exhaust Administrative Remedies.

In his Opposition, Mr. Jackson admits that prior to filing this lawsuit, he "did in his EEOC claim name BBS as the defendant."  Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss, Or, in the Alternative, for Summary Judgment (Pl.'s Mot. at 1); *see also* May 16, 2005 Charge of Discrimination, attached to Def.'s Mem. in Support as Ex. B., Attachment 1.  It is well-settled that a plaintiff, such as Mr. Jackson, who seeks relief for ADA or ADEA claims must exhaust administrative remedies prior to filing suit in an Article III court.  *See*, *e.g.*, *Ajuluchuku v. Accountemps of Robert Half Int'l*, Slip Copy, 2005 WL 3201110 *1 (D.D.C. November 21, 2005) (holding that ADA claims require aggrieved claimants to exhaust administrative remedies and that failure to do so deprives court of subject matter jurisdiction and supports dismissal and/or summary judgment); *see also Jones v. Greenspan*, ___ F. Supp. 2d ___, 2005 WL 3370438 (D.D.C. December 13, 2005) (dismissing ADEA claim for failure to exhaust administrative remedies); *see also Rann v. Chao*, 346 F.3d 192, 194-195 (D.C. Cir. 2003) (affirming trial court's dismissal of ADEA claim for failure to exhaust administrative remedies).  It is undisputed that Mr. Jackson has not sought, let alone exhausted, any

administrative relief against Bowne & Co. for the alleged acts of discrimination complained of in this action. The Complaint against Bowne & Co. therefore must be dismissed in its entirety.

> B. Summary Judgment Should Be Granted for Bowne & Co. Because There is No Genuine Issue of Material Fact Concerning the Identity of Mr. Jackson's Employer.

As the summary judgment movant, Bowne & Co. bears "initial responsibility of informing the district court of the basis for [its] motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits which [it] believe[s] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, (1986).

Bowne & Co. has met this burden via its submission of declarations from corporate representatives of both Bowne & Co. and Williams Lea, who have declared unequivocally that Mr. Jackson was never employed by Bowne & Co., but rather was employed by BBS and then Williams Lea. *See* Declaration of Scott L. Spitzer at ¶5; Declaration of Jennifer Partridge at ¶6 (attached to Def.'s Mem. in Support as Exhibits A and B, respectively). In conjunction with this Reply, Bowne & Co. also has submitted a second Declaration of Jennifer Partridge attaching Mr. Jackson's Employment Application, Notice of Post-Termination Benefits and 2004 W-2 Form, all of which conclusively establish that he was employed by BBS and not by Bowne & Co., and that he had received repeated written notice of this fact. *See* Declaration of Jennifer Partridge In Further Support of Defendant's Motion to Dismiss, Or, In the Alternative for Summary Judgment, attached hereto as Exhibit 1.

Once the movant meets its initial responsibility of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact, the burden shifts to the non-movant to "come forward with 'specific facts showing that there is a *genuine issue for trial."*

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Fed.R.Civ.P. 56(e)) (emphasis in original).  In order to withstand summary judgment, the adverse party must do more than simply "show that there is some metaphysical doubt as to the material facts."  Instead, the non-moving party must "go beyond the pleadings and by [his] own affidavits, or depositions, answers to interrogatories, and admissions on file, 'designate' specific facts showing that there is a genuine issue for trial."  *Celotex Corp*. 477 U.S. at 324 (internal citations omitted).

In his Opposition papers, Mr. Jackson relies on certain BBS documents to establish that he was "led by Bowne Company documents to believe that he was employed by Bowne & Co." Plaintiff's Answer to Defendant's Memorandum of Law in Support of It's [sic] Motion to Dismiss, Or, In the Alternative, for Summary Judgement [sic] ("Pl.'s Mem.") at 1.  In particular, he attaches an excerpt from a BBS employee handbook which summarizes the corporate history of Bowne & Co., BBS's corporate parent.  He also attaches a non-harassment policy with Bowne & Co.'s name on it.  Neither document raises any genuine issue of material fact on the issue of whether Bowne & Co. was his employer that is sufficient to preclude the entry of summary judgment for Bowne & Co.

Mr. Jackson's reliance on these attached documents is misplaced at best.  Even if his attachments can be assumed to be authentic copies of documents Mr. Jackson received during his BBS employment (an assumption that is unclear, since the documents are attached without declaration or other attempt at authentication), they are offered merely to support Mr. Jackson's claimed "confusion" over who his employer actually was.  The documents do nothing to vitiate BBS's separate corporate existence or call into question Mr. Jackson's employment by BBS.

Finally, Mr. Jackson's claim that he was "misled by Bowne company documents which listed him as a Bowne & Company employee," is flawed on many levels. First, his allegation that the documents he relies upon "listed him as a Bowne & Co. employee" is false since neither of the documents submitted by Mr. Jackson even mention him, let alone list him as an employee. Further, whether Mr. Jackson was "misled" or confused (even if true) is irrelevant to the question of who, *in fact*, employed him. Finally, his claim that he was "misled" is belied by the incontrovertible documentary evidence showing that Mr. Jackson applied for a job with BBS, was employed by BBS, was paid by BBS, was terminated by BBS and then chose to file an administrative charge against BBS for the very same alleged acts for which he now seeks to hold Bowne & Co. -- an entirely different entity -- liable.

### III. CONCLUSION

For the foregoing reasons, Mr. Jackson can plead no set of facts which would entitle him to recover relief against Bowne & Co. for his alleged employment discrimination claims. Bowne & Co. therefore respectfully requests that the Court dismiss his Complaint in its entirety, with prejudice. Alternatively, Bowne & Co. is entitled to judgment as a matter of law and respectfully asks that the Court grant summary judgment in its favor.

Dated: January 25, 2006            Respectfully submitted,

**SONNENSCHEIN NATH & ROSENTHAL LLP**

By:          /s/
     Amy L. Bess, DC Bar No. 418985
     Elizabeth S. Finberg, DC Bar No. 468555
     1301 K Street, N.W.
     Suite 600, East Tower
     Washington, D.C. 20005
     Telephone:   202-408-6400
     Facsimile:   202-408-6399
     *Counsel for Defendant Bowne & Co., Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that on January 25, 2006, a copy of the foregoing Defendant's Reply to Plaintiff's Opposition to Defendant's Motion To Dismiss, Or, In The Alternative, For Summary Judgment, with Exhibits, was filed with the Court via the Court's Electronic Case Filing System and served via United States Mail, first class postage prepaid, upon the following:

    Wendell G. Jackson
    415 Edgewood Street, NE
    Apartment 11
    Washington, DC  20017-3305
    Telephone:    202-529-6017
    *Plaintiff, Pro Se*

                                                 /s/
                               ELIZABETH S. FINBERG