## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**WENDELL G. JACKSON,**

     **Plaintiff,**

       **v.**

**BOWNE & COMPANY, INC.,**

     **Defendant.**

**Civil Action No.  05-2013 (RBW)**

## MEMORANDUM OPINION

_____Plaintiff, appearing *pro se*, alleges that he was subject to employment discrimination by defendant based on his age and disability, in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.* (2000), and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.* (2000).  Defendant has filed a motion to dismiss or, in the alternative, for summary judgment.  For the reasons set forth below, the motion is denied.

## I. BACKGROUND

Plaintiff alleges that on May 5, 2003, he was hired as a Client Services Associate by defendant Bowne & Co.  Complaint ("Compl.") at 1-2.  Plaintiff suffers from diabetes and he claims that after defendant became aware of his diabetic condition, the company transferred him to a non-preferred worksite.  *Id.* at 2.  During this reassignment, plaintiff was told to limit his bathroom visits despite the fact that his medical condition made him urinate frequently.  *Id.*  He also contends that he was subjected to verbal abuse based on his status as a diabetic.  *Id.*  Defendant allegedly did not undertaken any efforts to accommodate plaintiff's medical condition.  *Id.* at 3.

Plaintiff further claims that defendant discriminated against him based on his age.  *Id.*  On one of his job assignments, plaintiff contend he had to take frequent breaks because of sweating, nervousness, low blood sugar, and pain in his extremities.  *Id.*  Plaintiff was purportedly told by one of defendant's employees that if he was too old to handle the work, he should resign.  *Id.*[1] Plaintiff was ultimately fired by defendant on April 6, 2005.  *Id.* at 5.

On May 16, 2005, plaintiff filed a discrimination charge against defendant with the Equal Employment Opportunity Commission ("EEOC").  Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment ("Def.'s Mot."), Exhibit ("Ex.") B, Attachment 1.  In this filing, plaintiff stated that his employer was Bowne Business Solutions ("BBS"). *Id.*[2]  He alleged that defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, the ADEA, and the ADA.  *Id.*  On July 5, 2005, the EEOC informed plaintiff that based on its investigation, the agency was unable to conclude that defendant violated any of these anti-discrimination statutes.  *Id.*  The EEOC also informed plaintiff of his right to sue in federal court within 90 days. *Id.*  Plaintiff timely filed this action on September 30, 2005.  *See* Compl.

## II. STANDARD OF REVIEW

Defendant has filed a motion to dismiss or, in the alternative, for summary judgment. Because the Court will consider matters outside the pleadings in resolving this motion, it will be treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 12(b).  Both parties have been afforded the opportunity to present material relevant

---

[1] Plaintiff does not identify the employee who made the remark.

[2] The actual identity of plaintiff's employer is the subject of defendant's motion and will be discussed further below.

to a Rule 56 motion.  *See id.*

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).  Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In considering whether there is a triable issue of fact, the Court must draw all reasonable inferences in favor of the non-moving party.  *Anderson*, 477 U.S. at  255; *see also Washington Post Co. v. United States Dep't of Health and Human Servs.*, 865 F.2d 320, 325 (D.C. Cir. 1989). The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 248.  The non-moving party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).  Moreover, "any factual assertions  in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly,* 963 F.2d 453, 456 (D.C. Cir.1992) (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).  The mere existence of a factual dispute by itself, however, is not enough to bar summary judgment.  Rather, the party opposing the motion must show that there is a genuine issue of *material* fact.  *See Anderson*, 477 U.S. at 247-48.  To be material, the fact must be capable of affecting the outcome

of the litigation; to be genuine, the issue must be supported by admissible evidence sufficient for a reasonable trier of fact to find in favor of the nonmoving party. *Id.; see also Laningham v. United States Navy*, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987).

## III. DISCUSSION

Defendant contends that plaintiff cannot pursue his discrimination claims because Bowne and Company, Inc. was never his employer.[3]  Whether an individual is an employee of a defendant is of "crucial significance for those seeking to redress" alleged discrimination claims. *Spirides v. Reinhardt*, 613 F.2d 826, 829-30 (D.C. Cir. 1979).   The ADEA and the ADA both define an "employee" as "an individual employed by an employer." *See* 29 U.S.C. §630(f)(ADEA); 42 U.S.C. § 12111(4)(ADA).  The extent of the alleged employer's right to control the means and manner of a worker's performance is the most important factor in determining whether an employer/employee relationship exists. *Clackamas Gastroenterology Assocs., P.C. v. Wells*, 538 U.S. 440, 448-49 (2003).  "[An] employer is the person, or group of persons, who owns and manages the enterprise.  The employer can hire and fire employees, can assign tasks to employees and supervise their performance, and can decide how the profits and losses of the business are to be distributed." *Id.* at 450.

To support its argument that plaintiff was not its employee, defendant has submitted affidavits from corporate officials aware of the structure and history of Bowne & Co., Inc.[4]  The

---

[3] Defendant also maintains that the motion should be granted because plaintiff has not exhausted his administrative remedies.  Defendant has offered no evidence to support this argument and the record presented to the Court appears to support a finding of exhaustion.  Thus, the Court concludes that this argument is without merit.

[4] According to defendant, this is the correct name of the company.  *See* Deft's Mot., Ex. A (Declaration of Scott L. Spitzer) ("Spitzer Decl.") ¶ 1.

evidence submitted by defendant states that from July 6, 1998, until approximately November 9, 2004, BBS was a wholly-owned subsidiary of Browne & Co.  Spitzer Decl. ¶ 4.  However, BBS was a separate and distinct corporate entity,  *id.,* and plaintiff was never employed by Bowne & Co., *id.* ¶ 5.

Plaintiff was employed by BBS until November 9, 2004.  Deft's Mot., Ex. B (Declaration of Jennifer Partridge) ¶ 6.  At that time, William Lea Holdings, Inc. acquired all of BBS's stock from Bowne & Co., Inc.  *Id.* ¶ 4.  By virtue of this acquisition, all BBS employees became employees of Williams Lea.  *Id.*  Plaintiff was an employee of Williams Lea until his termination on April 6, 2005.  *Id.* ¶ 6.

Defendant also argues that plaintiff was well aware of the actual name of his employer because he pursued his EEO claim against BBS and not Bowne & Co.  *See id.*, Attachment 1.  Plaintiff has not produced any evidence rebutting defendant's claim.  It is clear that defendant was not plaintiff's employer for the purposes of  liability for discrimination claims under the applicable federal statutes.  Plaintiff acknowledges that he made a mistake in naming Bowne & Company, Inc. as the defendant, but contends that he was misled by company documents which listed him as an employee of that company.  *See* Plaintiff's Answer to Def.'s Mot. at 1.

Because plaintiff is proceeding *pro se*, his complaint is held to "less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Courts afford a *pro se* plaintiff the benefit of the doubt and may ignore technical shortcomings in his filings.  *Voinche v. FBI*, ___ F.Supp. 2d ___ , 2006 WL 177399 at *8 (D.D.C. Jan. 24, 2006).  It is apparent that plaintiff intended to sue his employer and that he was confused about the actual name of the corporate entity.  As a *pro se* plaintiff, he should be afforded an opportunity to correct

this error.   The Court will allow plaintiff to file an amended complaint naming the proper

defendant.

IV. CONCLUSION

Based on the foregoing, defendant's motion will be denied.  Plaintiff will be ordered to file

an amended complaint.  A separate order accompanies this Memorandum Opinion.


_____/s/_____
REGGIE B. WALTON
United States District Judge

DATE: March 20, 2006