UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Wendell Garnell Jackson, pro se, )
415 Edgewood Street, N.E. #11
Washington, D.C. 20017-3305
(202) 529-6017
               PLAINTIFF,              Civil Action No. 05-2013 (RBW)
    -Vs.-

Bowne Business Solutions )
1341 G Street NW
Washington, DC 20007               **RECEIVED**
(202) 879-8695
               DEFENDANTS. )       APR 1 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## COMPLAINT

Plaintiff was fired by defendants for having a chronic disease and because he was treated as being disabled because of his age.

## JURISDICTION

Plaintiff hereby claims jurisdiction pursuant to Americans with Disabilities Act of 1990, 42 U.S.C. 12112 & Age Discrimination in Employment Act of 1967, 29 USC 623.

I                      **PARTIES**

1.) Plaintiff, Wendell Garnell Jackson, a resident of Wash., D.C. who resides at 415 Edgewood Street N.E. #11, without the assistance of counsel, is a Client Services Associate for Bowne Business Solutions.

2.) Defendant, Bowne Business Solutions, is an office services company which serves the financial and legal markets nationally and worldwide.

II                      **FACTS**

3.) Comes now the plaintiff, Wendell Garnell Jackson, without assistance

of counsel, stating that he performed office services for Bowne Business Solutions beginning in March 2000 as a temp worker and hired on May 5, 2003 as a Client Services Associate.

    4.) Plaintiff states that after defendants became aware of his chronic disability on August 23, 2004, the defendants who transferred him, without notice or explanation, from a preferred site to a non-preferred site. At this non-preferred site, Defendants repeatedly verbally harassed Plaintiff. In response, Plaintiff filed several complaints with management, which did not stop the harassment.

A. **American for Disabilities Act:**

    a.) It needs to be said that on or about June 15, 1999, Plaintiff was diagnosed with diabetes and continues to suffer from the disease.

    b.) Plaintiff states he was assigned to a new site on September 9, 2004 at 1666 K Street NW where the defendants demanded that he limit his bathroom visits. Plaintiff informed defendants that one of the symptoms of his disease requires that he that he urinate often or spontaneous.

    c.) Plaintiff states that on or about October 19, 2004 he suffered verbal abuse by defendants at 1666 K St., NW. Defendants made claim to being former Army medics asked him, "If you are diabetic, which *type* diabetic are you? Do you use needles or the pill? How often do you see your doctor? Do you have to use the restroom that often? Do you have a prostate problem? You're not diabetic, you're just sick in the head."

    e.) Plaintiff further states that on October 20, 2004 defendants did phone his former supervisor to request his medical files so that defendants could determine if he was indeed diabetic.

2

f.) Plaintiff states that while testing his blood sugar on August 23, 2004 the Defendants questioned him about his disease and associated complications that rendered him unfit to continue to perform assignments that jeopardized his poor health.

g.) Plaintiff's physician faxed a letter to defendants on March 30, 2005 demanding that he not be overworked, and that he be allowed time to test his blood sugar.

**B.   Age Discrimination In Employment Act:**

a.) Plaintiff further states that however, defendants showed no concern for his well being, where on October 7, 2004 he shouted to plaintiff, "If you can't do the work old man, you need to retire."

b.) Plaintiff states that on or about October 13, 2004 he was assigned tasks at 1666 K Street NW that required him to take frequent breaks to address the complications, Sweating, nervousness, out of control blood sugar, and pain in his extremities. Defendant responded that Plaintiff was too old and needed to resign.

c.) Plaintiff states that in preparation of a scheduled relocation by the client, Heller Ehrman LLP, from 1666 K Street NW to 1717 Rhode Island Avenue NW, on or about November 29, 2004 defendants stated to plaintiff, "You're just like Ron, old and dumb as a brick."

**III           MISTREATMENT**

5.) Plaintiff states that once defendants became aware of his disease, and rather than make accommodations to meet his needs, defendants fired him after he was ostracized and verbally harassed each day by a supervisor who was given free rein to do so.

6.) Plaintiff states that during an unscheduled meeting with defendants on November 12, 2004 he used the opportunity to inform the company of his mistreatment by the supervisor. Plaintiff states that as a result, no corrective action was taken by defendants to stop the verbal abuse. The verbal harassment continued until he was fired on April 6, 2005.

7.) Plaintiff states that after receiving a satisfactory Performance Review on July 30, 2004, he was assigned non-office duties such as moving desks and office renovations, and even though the tasks were outside his job description, he performed them until his ailments, swollen hands, heavy sweating, out of control blood sugar, and sore feet prevented him from continuing to on August 23, 2004.

8.) Plaintiff states that defendants ostracized him on or about April 30, 2005 stating, "Does your diabetes have an affect on your memory or is it your age? Why are your hands so swollen? You need to be in a retirement home?

9.) Plaintiff states defendant denied him a bathroom, 10 steps away, key for the month of September 2004 that left him in daily pain. Defendants told him they had no more keys and weren't making anymore, but keys were provided for temporary workers.

10.) Plaintiff concludes that on or about August 25, 2004 he was sent home, without any explanation, and placed on administrative leave of absence with pay until he was recalled for duty to an alternate site on September 9, 2004 that proved to be more stressful, no time to test blood sugar which led to hypoglycemia, and no breaks which led to peripheral neuropathy.

IV          **PRETEXTUAL TERMINATION**

11.) In the beginning, plaintiff states he made it plain to defendants that he wished to remain at Venable where he had served since March 2000 as a temporary Client Services Associate because the site was a perfect fit for his fragile lifestyle.

12.) Plaintiff states that the defendants actions to transfer him on or about August 25, 2004 from his requested site to a fast-paced high-volume production site on September 9, 2004 went without explanation.

13.) Plaintiff states that no corrective action was taken by the company in response to complaints filed by him on September 29, 2004, October 19, 2004, and November 5, 2004 against defendants alleging gross verbal harassment. Plaintiff, on November 12, 2004, while in an unrelated meeting, raised the issue of him being verbally harassed by his supervisor since he was hired on September 9, 2004.

14.) In addition, plaintiff states that immediately after the hearing, co-worker Jonathan Fowlks stated to the plaintiff, "Kevin told me he would get a bonus if he can make you quit or be fired."

15.) In addition, co-worker Sheila King, on March 30, 2005 stated to plaintiff, "I attended a meeting in Paulette's office where she said she was sent here to fire you.

16.) Plaintiff states also, on or about April 1, 2005 co-worker Donya Butler stated to plaintiff, "Paulette is my godmother, but she still fired me while at another site and said she was sent here to do what defendant Kevin Hawkins failed to do, fire you."

17.) Plaintiff states that on April 4, 2005 the defendants confiscated plaintiff's keys and photo ID and escorted him from the premises. Plaintiff was fired April 6, 2005

V  **COUNT I**

**FAILURE TO PROVIDE REASONABLE ACCOMODATION AND UNLAWFUL TERMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

1.) Plaintiff hereby incorporates the allegations of paragraphs II (A) a-g as if fully stated herein.

2.) Defendant's conduct complained of herein is in violation of Plaintiff's rights, as guaranteed under the Americans with Disabilities Act of 1990, 42 USC 12112.

VI  **COUNT II**

**UNLAWFUL TERMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT**

1.) Plaintiff hereby incorporates the allegations of paragraph II (B) a-d as if fully stated herein.

2.) Defendant's conduct complained herein is in violation of the Plaintiff's Rights, as guaranteed under the Age in Discrimination Act of 1967, 29 USC 623.

**REQUEST FOR A JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues in this Complaint.

WHEREFORE, premises considered, plaintiff states that once defendants became aware of his disease, and rather than make special provisions to accommodate his needs, defendants chose to fire him by transferring him clandestinely and anonymously from a single person site to a team site where he was ostracized and verbally harassed each day by a supervisor who was given free rein to inflict undue hardship upon him in an effort to pressure him to resign, and because he was treated as being disabled because of his age.

## PRAYER

Plaintiff hereby respectfully brings this complaint in US District Court DC Circuit against defendants for violating his rights pursuant to Americans with Disabilities Act of 1990, 42 U.S.C. 12112 & Age Discrimination in Employment Act of 1967, 29 USC 623, and Civil Rights Act of 1964, and prays this Honorable Court grant him compensatory, emotional and punitive damages and all other relief available to him.

Respectfully submitted,

*Wendell H. Jackson*

Wendell G. Jackson, pro se
415 Edgewood Street, NE #11
Washington, D.C. 20017
(202) 529-6017

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the original complaint was post marked on this 10th day of April 2006 to:

U.S. District Court for DC
Office of the Clerk
333 Constitution Ave., NW
Washington, D.C. 20001

and a copy to be served on the registered agents for Bowne Business Solutions:

Corporation Services Company
1090 Vermont Avenue, NW
Washington, DC 20005

Respectfully submitted,

*Wendell H. Jackson*

Wendell G. Jackson, pro se,
415 Edgewood Street, NE #11
Washington, D.C. 20017
(202) 529-6017

7