UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| **WENDELL G. JACKSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 05-2013 (RBW) |
| ) | |
| **BOWNE BUSINESS SOLUTIONS,** ) | |
| ) | |
| **Defendant.** ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Bowne Business Solutions ("BBS")[1] hereby responds to the Complaint filed by Plaintiff Wendell G. Jackson ("Plaintiff" or "Mr. Jackson") as follows:

### COMPLAINT

BBS denies the allegations contained in the opening paragraph of the Complaint. Further answering, BBS states that it terminated Mr. Jackson only after two of its clients demanded that Mr. Jackson be removed permanently from their worksites because they had learned that Mr. Jackson had been convicted and incarcerated for a child molestation offense.

### JURISDICTION

BBS states that the jurisdictional allegations contained in the complaint state conclusions of law to which no response is required.

---

[1] On or about November 9, 2004, Williams Lea Holdings Inc. acquired all of the stock of BBS from BBS's parent corporation, Bowne & Co., and, accordingly all BBS employees became Williams Lea employees at that time. Williams Lea continued to operate this newly acquired entity under the BBS name until on or about April 18, 2005, when Williams Lea changed the name from BBS to Williams Lea.

### I. **PARTIES**

1. BBS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 regarding Mr. Jackson's address, and on that basis denies the allegation. Further answering, BBS denies that Mr. Jackson is a Client Service Associate for Bowne Business Solutions.

2. BBS admits that among its other business objectives, it is a company that provides office services to financial and legal markets nationally and worldwide.

### II. **FACTS**

3. BBS admits that Mr. Jackson performed office services for it initially as a temporary worker, and that he was hired as a Client Services Associate on May 5, 2003. Further answering, BBS is without knowledge or information sufficient to form a belief as to the truth of the allegation that Mr. Jackson began performing services as a temporary worker in March 2000, and on that basis denies the allegation.

4. BBS denies the allegations in paragraph 4.

    A. **American for Disabilities Act [sic]:**

        a) BBS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 a) , and on that basis denies the allegations.

        b) BBS denies the allegations in paragraph 4 b).

        c) BBS denies the allegations in paragraph 4 c).

        e) [sic] BBS denies the allegations in paragraph 4e).

        f) BBS denies the allegations in paragraph 4 f).

    g)    BBS denies the allegations in paragraph 4 g).

    **B.**    <u>**Age Discrimination in Employment Act**</u>**:**

    a)    BBS denies the allegations in paragraph a).

    b)    BBS denies the allegations in paragraph b).

    c)    BBS denies the allegations in paragraph c).

### III.   MISTREATMENT

5.    BBS denies the allegations in paragraph 5.

6.    BBS admits that in or about November 2004, he reported to a supervisor that he believed that a co-worker was picking on him, and that some of his co-workers were talking about his medical condition. Further answering, BBS denies the remaining allegations contained in paragraph 6.

7.    BBS admits that Mr. Jackson received a "Meets Expectations" performance review in July 2004, but denies the remaining allegations in paragraph 7.

8.    BBS denies the allegations in paragraph 8.

9.    BBS denies the allegations in paragraph 9.

10.    BBS admits that Mr. Jackson was sent home on administrative leave with pay because BBS's client had demanded that Mr. Jackson be removed permanently from its workplace, but denies that such administrative leave occurred in August 2004. Further answering, BBS admits that Mr. Jackson remained on administrative leave with pay until an alternative work site for him could be located. BBS denies the remaining allegations in paragraph 10.

### IV.  PRETEXTUAL TERMINATION

11. BBS denies the allegations in paragraph 11.

12. BBS denies the allegations in paragraph 12.

13. BBS denies the allegations in paragraph 13.

14. BBS denies the allegations in paragraph 14.

15. BBS denies the allegations in paragraph 15.

16. BBS denies the allegations in paragraph 16.

17. BBS admits that upon Mr. Jackson's termination, he was required to return his keys and photo ID and was escorted from the premises, and admits that his termination date was April 6, 2005.  BBS denies the remaining allegations in paragraph 17.

### V.  COUNT I

### FAILURE TO PROVIDE REASONABLE ACCOMMODATION AND UNLAWFUL TERMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

1. BBS incorporates its responses to the allegations contained in paragraphs II (A) a-g as if fully set forth herein.

2. BBS denies the allegations in paragraph 2.

### VI.  COUNT II

### UNLAWFUL TERMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

1. BBS incorporates its responses to the allegations contained in paragraphs II (b) a-d as if fully set forth herein.

2. BBS denies the allegations in paragraph 2.

### REQUEST FOR A JURY TRIAL

To the extent that a response to Plaintiff's request for a jury trial is required, BBS denies that Mr. Jackson has stated any claims on which he is entitled to obtain a trial by jury.

### WHEREFORE PARAGRAPH/PAGE 6

To the extent that a response to the WHEREFORE paragraph on page 6 of the Complaint is required, BBS denies each and every allegation contained in that paragraph.

### PRAYER

To the extent that a response to the Prayer for relief is required, BBS denies the allegations in the Prayer, and further denies that Mr. Jackson is entitled to any relief on the claims he has alleged in his Complaint.

WHEREFORE, BBS denies that Mr. Jackson is entitled to judgment against BBS, and respectfully requests that the Court dismiss the Complaint with prejudice, award BBS its costs and attorneys' fees in connection with its defense of this action, and award BBS any such further relief as this Court deems just and proper.

### AFFIRMATIVE DEFENSES

For its affirmative defenses against Plaintiff, BBS states as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff has failed to assert a claim for relief under the Americans with Disabilities Act because he has failed to allege facts to support his standing to sue under that statute.

### THIRD DEFENSE

Plaintiff has failed to assert a claim for relief under the Americans with Disabilities Act because he has failed to assert a prima facie claim for relief under that statute.

### FOURTH DEFENSE

Plaintiff has failed to assert a claim for relief under the Americans with Disabilities Act because he is not disabled as that term is defined under the statute.

### FIFTH DEFENSE

To the extent Plaintiff was entitled to any reasonable accommodation for his alleged disability, BBS accommodated Plaintiff in a manner fully consistent with its legal obligations.

### SIXTH DEFENSE

Plaintiff has failed to state a claim for relief under the Age Discrimination in Employment Act because he has failed to assert a prima facie claim for relief under that statute.

### SEVENTH DEFENSE

Plaintiff's termination was based on legitimate business reasons and was not pretextual based on his age or alleged disability.

### EIGHTH DEFENSE

The claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitations.

### NINTH DEFENSE

Plaintiff has suffered no damage for which he is entitled to relief.

**TENTH DEFENSE**

To the extent that Plaintiff has suffered any damages, he has failed to mitigate them.

**ELEVENTH DEFENSE**

All or part of the damages sought are unavailable to Plaintiff.

**TWELFTH DEFENSE**

BBS reserves the right to assert other defenses as discovery proceeds.


Dated: April 27, 2006          Respectfully submitted,

                               SONNENSCHEIN NATH & ROSENTHAL LLP



                               By:          /s/
                                    Amy L. Bess, D.C. Bar No. 418985
                                    1301 K Street, N.W.
                                    Suite 600, East Tower
                                    Washington, D.C. 20005
                                    Telephone:    202-408-6400
                                    Facsimile:    202-408-6399
                                    *Counsel for Defendant Bowne Business Solutions*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 27, 2006, a copy of the foregoing Defendant's Answer and Affirmative Defenses, were served via First Class United States Mail, postage prepaid, on the following:

> Wendell G. Jackson
> 415 Edgewood Street, NE
> Apartment 11
> Washington, DC  20017-3305
> Telephone:    202-529-6017
> *Plaintiff, Pro Se*

_____/s/_____
AMY L. BESS
