## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

_____ )
 )
**WENDELL G. JACKSON,** )
 )
**Plaintiff,** )
 )
**v.** )               **Case No. 05-2013 (RBW)**
 )
**BOWNE BUSINESS SOLUTIONS,** )
 )
**Defendant.** )
_____ )

### JOINT RULE 16.3(d) REPORT

**Statement of the Case**

In this case, *pro se* plaintiff, Mr. Jackson, claims that his former employer, Bowne

Business Solutions ("BBS") terminated him due to his age and alleged disability (diabetes) and

asserts claims under two federal statutes, the Americans with Disabilities Act ("ADA") and the

Age Discrimination in Employment Act ("ADEA").  Mr. Jackson alleges that BBS failed to

provide him with a reasonable accommodation and terminated him due to his disability (Count

I), and additionally terminated him due to his age (unspecified) (Count II).

BBS has denied all material allegations of the complaint and responds that it terminated

Mr. Jackson for legitimate business reasons after two of its clients (at whose workplaces Mr.

Jackson was stationed) demanded that Mr. Jackson be permanently removed from their

workplaces when they learned he previously had been convicted and incarcerated for child

molestation.  In addition, BBS has asserted affirmative defenses, *inter alia,* of failure to state a

claim on which relief can be granted, lack of standing under the ADA, and failure to assert a

prima facie ADA claim.  The grounds for these defenses are that Mr. Jackson has failed to

adequately plead that he has a "disability" as that term is defined by the ADA, failed to plead that he is an "otherwise qualified individual with a disability" as that concept is defined by the ADA, and has further failed to allege that there was a reasonable accommodation that he sought or which could have been provided to him by BBS, but was not, and which would have enabled him to perform the essential functions of his job. Further, BBS asserts that to the extent Mr. Jackson was entitled to any accommodation for his alleged disability, BBS has reasonably accommodated him.

BBS has also asserted affirmative defenses of failure to state a claim for which relief can be granted under the ADEA, due to Mr. Jackson's failure to allege the essential elements of a cause of action under that statute, including that he is a member of the protected class of employees covered by the ADEA. BBS further states that it terminated Mr. Jackson for legitimate business reasons (as set forth above), and not due to his age or alleged disability. BBS further asserts that Mr. Jackson's claims are barred in whole or in part by the applicable statute of limitations, and that to the extent he has suffered any damage, he has failed to mitigate such damage.

**<u>Joint Statement</u>**

The parties met and conferred in person on May 16, 2006 and via teleconference on May 25, 2006. The parties hereby submit the following joint statement pursuant to LCvR 16.3 and the Court's May 3, 2006 Order for Initial Scheduling Conference.

1.     The parties agree that the case should be placed on the standard scheduling track. Defendant believes that it is likely that if the case is not resolved through settlement it can be fully resolved by dispositive motions filed at the close of discovery.

2.     The parties agree that any additional parties shall be joined at least 120 days prior to the close of discovery, and that any amendment to the pleadings should take place at least 60

days prior to the close of discovery.  The parties agree that some of the factual and legal issues in the case may eventually be agreed upon or narrowed.

3.     The parties agree that this case should be assigned to a Magistrate Judge for the purposes of assisting the parties in settling the litigation as well as for the resolution of discovery disputes, but not for trial.

4.     The parties agree that there is a realistic possibility of settling the case.

5.     The parties believe that the case could benefit from the Court's ADR (specifically mediation) procedures and request that the Court refer the parties to a Magistrate Judge for mediation at the earliest opportunity.  The parties further believe that mediation should take place before they engage in any discovery.

6.     The parties propose that dispositive motions shall be filed no later than forty-five (45) days after the close of all discovery.  Opposition to such motions shall be served within thirty (30) days of service of the dispositive motions.  The moving party may serve a reply brief within fifteen (15) days of service of the opposition.

7.     The parties agree to dispense with initial disclosures required by Fed. R. Civ. P. 26(a)(1).

8.     The parties agree that discovery should be stayed pending the outcome of the mediation process.  Once initiated, all discovery should be completed within 120 days of its commencement.  The parties agree that the extent of discovery shall be governed by the Federal Rules of Civil Procedure and the Local Rules of this Court.  The parties agree to limit the number of depositions and interrogatories to the number permitted under Fed. R. Civ. P 30(a)(2)(A) and Fed. R. Civ. P 33(a).  The parties reserve the right to request leave to exceed these limitations if necessary.

9.      The parties agree that the requirements of Fed. R. Civ. P. 26(a)(2) should apply.

The parties propose that proponents shall serve their Rule 26(a)(2) statements, if any, at least

sixty (60) days prior to the close of discovery.  Opponent's Rule 26(a)(2) statements, if any, shall

be served at least thirty (30) days prior to the close of discovery.  The parties agree that any

expert discovery should be completed before the close of factual discovery.

10.     The parties propose that a pretrial conference be held forty-five (45) days after the

date on which the Court enters a ruling on dispositive motions.  If no dispositive motions are

filed, then such conference should be held sixty (60) days after the motions deadline.

11.     The parties propose that the trial date be set at the pretrial conference.

Attached hereto is the parties' Proposed Order that incorporates the matters set forth

above.

Dated:  June 2, 2006

Respectfully submitted,

_____/s/_____
Amy L. Bess, D.C. Bar No. 418985
SONNENSCHEIN NATH & ROSENTHAL LLP
1301 K Street, N.W.
Suite 600, East Tower
Washington, D.C. 20005
Telephone:    202-408-6400
Facsimile:    202-408-6399
*Counsel for Defendant Bowne Business Solutions*

_____/s/_____
Wendell Garnell Jackson
415 Edgewood Street, NE
Apartment 11
Washington, DC 20017-3305
Telephone:    202-529-6017
*Plaintiff, Pro Se*

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

_____ )
                                     )
**WENDELL G. JACKSON,**              )
                                     )
            **Plaintiff,**           )
    **v.**                           )        **Case No. 05-2013 (RBW)**
                                     )
**BOWNE BUSINESS SOLUTIONS,**        )
                                     )
            **Defendant.**           )
_____ )

**PROPOSED SCHEDULING ORDER**

Upon consideration of the parties' Joint Rule 16.3(d) Report, it is this _____ day of

_____, 2006,

ORDERED that this case shall proceed based on the following schedule, calculated from

the date of entry of this Scheduling Order:

1.      Within _____ days, the parties shall be referred by this Court to a Magistrate

        Judge for the purposes of conducting a mediation. Discovery will be stayed

        pending the outcome of the mediation;

2.      Initial disclosures shall be dispensed with;

3.      Discovery will close 120 days after it is commenced;

4.      Any additional parties shall be joined at least 120 days prior to the close of

        discovery; pleadings shall be amended at least 60 days prior to the close of

        discovery;

5.      Each side is limited to the number of depositions and interrogatories permitted

        under Fed. R. Civ. P. 30(a)(2)(A) and Fed. R. Civ. P. 33(a) (10 depositions and 25

interrogatories) with the right to move for additional depositions and interrogatories;

6.    Proponent's Rule 26(a)(2) statements, if any, shall be served at least 60 days prior to the close of discovery;

7.    Opponent's Rule 26(a)(2) statements, if any, shall be served at least 60 days prior to the close of discovery;

8.    Expert discovery shall be completed prior to the close of factual discovery;

9.    Defendant reserves the right to seek bifurcation of the trial of this matter at a later date;

10.    All dispositive motions shall be filed no later than 45 days after the close of discovery.  Opposition to such motions shall be served within 30 days of service of the dispositive motion.  Reply briefs shall be filed within 15 days of service of the opposition; and

11.    The pretrial conference shall take place 45 days after the Court's ruling on dispositive motions, or 60 days after the deadline for filing dispositive motions if no such motions are filed.


_____/s/_____
Judge, United States District Court

Copies to:

Amy L. Bess, D.C. Bar No. 418985
SONNENSCHEIN NATH & ROSENTHAL LLP
1301 K Street, N.W., Suite 600, East Tower
Washington, D.C. 20005

Wendell Garnell Jackson
415 Edgewood Street, NE, Apartment 11
Washington, DC 20017-3305

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 2, 2006, a copy of the foregoing Joint Rule 16.3(d) Report and Proposed Scheduling Order were filed with the Court via the Court's Electronic Case Filing System and served via United States Mail, first class postage prepaid, on the following:

> Wendell G. Jackson
> 415 Edgewood Street, NE
> Apartment 11
> Washington, DC  20017-3305
> *Plaintiff, Pro Se*

_____/s/_____
Amy L. Bess